UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILL HOLLY,

        Plaintiff,

   v.

JOHN E. POTTER, Postmaster General of the United States Postal Service,

        Defendants.

No. 2:07-CV-00583-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Will Holly ("Plaintiff") brought this wrongful termination action based upon racial discrimination and retaliation against John E. Potter, in his capacity as Postmaster General of the United States Postal Service ("Defendant").

///
///
///
///
///

1

Defendant moves to dismiss Plaintiff's First Amended Complaint. In response, Plaintiff now seeks leave to permit filing a second amended complaint. Defendant opposes on the grounds that this would require an amendment to the Pretrial Scheduling Order ("PTSO").[1]

## BACKGROUND

Plaintiff was an employee of the United States Postal Service until October 17, 2005. In May of 2005, Defendant issued Plaintiff a Notice of Removal indicating Plaintiff would be terminated after thirty days. Subsequently, Defendant learned that Plaintiff is a veteran. Because of Plaintiff's veteran status, the original Notice of Removal was defective. The May 2005 Notice was rescinded and expunged from Plaintiff's record. Defendant then issued a new Notice of Removal in July of 2005. Plaintiff filed an appeal of the July 2005 Notice of Removal, and at the hearing in January of 2007, an Administrative Law Judge upheld Plaintiff's removal, but found Plaintiff's suspension was improper and that Plaintiff was entitled to back-pay for that period. At a subsequent hearing, Plaintiff was awarded attorney's fees based upon the outcome of the January 2007 hearing. The present action is based upon the Administrative Law Judge's decision to uphold Plaintiff's termination.

///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

1        In the Original Complaint, filed on March 23, 2007,
2   Plaintiff alleged that he was wrongfully terminated based upon
3   racial discrimination and retaliation based on the July 2005
4   Notice of Removal and subsequent termination.  Plaintiff's
5   attorney then withdrew as counsel.
6        On June 14, 2007, this Court issued a Pretrial (Status)
7   Scheduling Order ("PTSO").  The trial is set for March of 2009,
8   with discovery closing in June 2008.  The PTSO provides that
9   amendments to pleadings require leave of court and a showing of
10  good cause.
11       On June 28, 2007, Defendant moved to dismiss Plaintiff's
12  Original Complaint for failure to state a claim upon which relief
13  may be granted and for lack of subject-matter jurisdiction.  In
14  response, Plaintiff filed a substitution of attorney and a First
15  Amended Complaint ("FAC").  In the FAC, Plaintiff deleted the
16  causes of action Defendant sought to dismiss and removed the Doe
17  defendants.  In a stipulated order dated August 30, 2007, the FAC
18  was deemed properly filed and the Motion to Dismiss was
19  terminated.
20       Plaintiff's allegations in the FAC rely on the May 2005
21  Notice of Removal, whereas the Original Complaint relied on the
22  July 2005 Notice of Removal.  In the present Motion to Dismiss,
23  Defendant argues that since the May 2005 Notice was rescinded and
24  expunged, no harm could arise from it.  Plaintiff asserts that
25  the FAC's reliance on the May 2005 Notice was a "scrivener's
26  error," and that the proposed Second Amended Complaint bases the
27  allegations on the July 2005 Notice.
28  ///

**STANDARD**

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id.  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.  Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.  Id. at 609.

///
///
///
///
///

4

**ANALYSIS**

At the outset, the Court notes that amending Plaintiff's complaint may not necessarily require an amendment to the PTSO as the discovery cut-off is more than six months in the future, the expert disclosure deadline is more than nine months in the future, and all other deadlines are more than one year in the future.

The Court finds that Plaintiff has shown good cause in seeking to amend his complaint and leave to amend shall be granted. The Court finds that the "scrivener's error" which referred to the May 2005 Notice instead of the July 2005 Notice is harmless in light of the circumstances. First, the error is such that amendment will not be futile. Second, because the Original Complaint and the prior adjudicative proceedings revolved around the July 2005 Notice, Defendant was aware of the pertinent facts and will not be prejudiced by the Court granting leave to amend. Finally, after Defendant filed his Motion to Dismiss, Plaintiff filed a response with a corrected copy of the complaint. Plaintiff's attorney acknowledged the error and was diligent in correcting it.

///
///
///
///
///
///
///

5

**CONCLUSION**

Accordingly, Plaintiff has shown good cause to amend his complaint and leave to amend is GRANTED. Plaintiff's Second Amended Complaint (Docket # 28-6) shall be deemed to have been properly filed. Defendant shall have ten (10) days from the entry of this Order to file his response to Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: November 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE